UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ARIEL CROSS,

    Plaintiff,                                          CASE NO.:

vs.

CRAIG R. JAYROE D.D.S., LLC, a
Florida Limited Liability Company d/b/a
THE PALM BEACH DENTAL SPA; CRAIG R.
JAYROE, in his individual capacity; and
LARRY S. JAYROE, in his individual capacity

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ARIEL CROSS (hereinafter "CROSS"), by and through the undersigned Counsel, and sues the Defendants, CRAIG R. JAYROE D.D.S., LLC, a Florida Limited Liability Company, d/b/a The Palm Beach Dental Spa (hereinafter "JAYROE D.D.S.") CRAIG R. JAYROE, in his individual capacity, and LARRY S. JAYROE, in his individual capacity (CRAIG R. JAYROE D.D.S., LLC, CRAIG R. JAYROE, and LARRY S. JAYROE are hereinafter collectively referred to as "DEFENDANTS") and alleges the following:

## INTRODUCTION

1.     CROSS brings this action against DEFENDANTS for failure to pay minimum wage in violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), breach of contract for failure to pay CROSS her daily minimum amount and failure to pay commissions, and quantum meruit.

1

2. DEFENDANTS have violated and continue to violate the FLSA by misclassifying its dentists as "independent contractors". Misclassification of employees as independent contractors "deprives employees of critical workplace protections and employment benefits to which they are legally entitled." *See* Statement of Secretary of Labor Hilda L. Solis on introduction of legislation regarding issue of misclassification, U.S. Department of Labor, Wage and Hour Division (April 22, 2010), available online at www.dol.gov.

3. Misclassification of workers also costs the government billions of dollars in unpaid taxes. *See* Annual Report of the White House Task Force on the Middle Class, Executive Summary at "v" (February 2010), available online at *http://www.whitehouse.gov/strongmiddleclass/reports*.

## JURISDICTION AND VENUE

4. This Court is vested with federal question jurisdiction over CROSS' claim arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court is granted with supplemental jurisdiction over CROSS' related state law claims pursuant to 28 U.S.C. § 1367.

6. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

7. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

8. At all times material hereto, JAYROE D.D.S. was duly authorized and licensed to do business in Palm Beach County, Florida, with its principal addresses at 1920 Palm Beach Lakes

Blvd. Suites 116 & 117, West Palm Beach, Florida 33409. JAYROE D.D.S. offered and still offers complete dental care to patients at its office in West Palm Beach, Florida.

9. At all times material hereto, JAYROE D.D.S., which was initially formed on September 11, 2012, is a privately owned corporation which engages in interstate commerce and has gross receipts in excess of $500,000.00 annually.

10. JAYROE D.D.S, initially had CRAIG R. JAYROE as its Managing Member and as of the Annual Report filed with the State of Florida on February 20, 2019, the Authorized Member changed to LARRY S. JAYROE.

11. CRAIG R. JAYROE did and still does operate JAYROE D.D.S.

12. At all times material hereto, CROSS was a resident of West Palm Beach, Florida, and despite being misclassified as an independent contractor, was an "employee" as defined by the FLSA and worked as a dentist at the West Palm Beach office of JAYROE D.D.S.

13. JAYROE D.D.S. controlled CROSS' hours worked, patient scheduling, and compensation, and she used the equipment and supplies provided by the office during the time CROSS was employed at JAYROE D.D.S. from November 4, 2019 through March 9, 2020. Accordingly, JAYROE D.D.S. was CROSS' "employer" as defined by the FLSA.

14. In the advancement of its business, CRAIG R. JAYROE D.D.S. employed at least two (2) employees within the meaning of the FLSA.

15. In the advancement of its business JAYROE D.D.S. had/has employees who regularly handled, utilized, and/or otherwise worked on goods and materials that were moved in and/or produced for commerce by any person. In the advancement of its business, JAYROE D.D.S., engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

16. At all times material hereto, CRAIG R. JAYROE was and continues to serve as Manager of JAYROE D.D.S. and LARRY S. JAYROE as Authorized Member of JAYROE D.D.S., and controlled CROSS's duties, hours worked, and compensation. Accordingly, CRAIG R. JAYROE and LARRY S. JAYROE were "employers" of CROSS within the meaning of 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

17. CROSS was initially employed at JAYROE D.D.S. on or about November 4, 2019 as a dentist. She remained in that position until she was unexpectedly terminated by JAYROE DDS on March 9, 2020.

18. CROSS was paid $500.00 per day on a bi-weekly basis. Additionally, CROSS was entitled to receive 33 1/3% of the collections received from the patients she saw each day she worked.

19. CROSS had no control over her schedule, and despite this being her only job, occasionally previously scheduled patients would be cancelled without notice by JAYROE D.D.S. due to the schedule being "light" for the day. On these occasions, CROSS was not compensated for the day.

20. DEFENDANTS classified CROSS as an independent contractor despite holding her out as an employee of DEFENDANTS, thereby avoiding any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

21. CROSS was required to perform the tasks as assigned by DEFENDANTS at the location(s) as designated by DEFENDANTS to the standards and requirements as specified by DEFENDANTS.

22. All of the products, tools, and equipment used by CROSS were owned, maintained, and provided by DEFENDANTS and were accessible to CROSS during her shifts.

23. CROSS' rate of pay was preset by DEFENDANTS.

24. CROSS regularly communicated with DEFENDANTS during the performance of her duties each day.

25. DEFENDANTS had the ability to cancel CROSS' shift if the caseload for a particular day was light, and CROSS was not paid for that day.

26. CROSS was required to notify DEFENDANTS, specifically CRAIG R. JAYROE, whenever CROSS completed her job assignments.

27. DEFENDANTS handled all customer billing, collections, and insurance reimbursements and refused to provide any documentation to CROSS.

28. CROSS was economically dependent upon DEFENDANTS for her livelihood.

29. CROSS could not refuse work offered by DEFENDANTS, despite the fact that she was often shorted on her commissions.

30. On March 9, 2020, CROSS was terminated and escorted out of the office by CRAIG R. JAYROE.

31. At the time CROSS was terminated, she was owed for eight (8) days of pay at $500.00 per day or $4,000.00 for days worked between February 23, 2020 and March 9, 2020.

32. CROSS contacted Craig R. Jayroe to inquire about the non-payment of the eight (8) days owed to her and Jayroe not only refused to pay CROSS but threatened her if she continued to pursue payment.

33. In addition to the failure to pay CROSS for the last eight (8) days of her employment at JAYROE D.D.S., DEFENDANTS completely failed to pay or significantly underpaid the

amount owed to CROSS based upon the agreed 33 1/3% due to her for collections between November 4, 2019 and March 9, 2020.

34. Additionally, JAYROE D.D.S. has failed to compensate or insufficiently compensated CROSS for any insurance reimbursements for patients that were seen by CROSS between November 4, 2019 and March 9, 2020.

35. JAYROE D.D.S. has refused to provide Plaintiff CROSS with an accurate and complete record of the patients seen by CROSS, the billings for each patient, the procedures performed on each patient, and the amounts collected from each patient, nor has it provided any documentation regarding insurance reimbursements received for patients that were seen by CROSS.

**COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA") AGAINST CRAIG R. JAYROE, DDS, LLC, CRAIG R. JAYROE INDIVIDUALLY, and LARRY S. JAYROE INDIVIDUALLY**

36. CROSS realleges and incorporates the allegations in paragraphs 1 through 35 above as if fully set forth herein.

37. At all relevant times, DEFENDANTS employed Plaintiff CROSS within the meaning of the FLSA.

38. During Plaintiff CROSS' employment with JAYROE D.D.S., and at all times relevant to this action, Plaintiff CROSS worked and was not compensated for eight (8) days at a rate of $500.00 per day, or $4,000.00.

39. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation

for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

40. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

41. DEFENDANTS violated 29 U.S.C. § 206 by failing to compensate CROSS at a rate not less than $8.46 per hour for her hours worked in 2019, and a rate not less than $8.56 per hour for her hours worked in 2020.

42. DEFENDANTS are not exempt from the minimum wage provision of the FLSA. Withholding pay for hours worked is a violation of the Fair Labor Standards Act.

43. DEFENDANTS' actions were intentional, reckless or malicious.

44. DEFENDANTS' actions were not done in good faith.

45. As a direct, foreseeable, and proximate cause of DEFENDANT'S actions, CROSS has been damaged.

46. CROSS brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that she is entitled to the following: (a) unpaid minimum wages as listed above, and (b) liquidated damages.

47. Specifically, CROSS is entitled to (a) $547.84 of unpaid minimum wages to which she was entitled, and (b) an additional equal amount of $547.84 as liquidated damages. In total, CROSS is entitled to $1,095.68 for DEFENDANTS' failure to pay CROSS her entitled to minimum wages.

48. CROSS seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ARIEL CROSS, demands judgment against DEFENDANTS, plus interest, costs, reasonable attorney's fees, and such other remedy this Court deems just and proper. CROSS brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that she is entitled to the following: (a) unpaid minimum wages as listed above, and (b) liquidated damages.

## COUNT II – BREACH OF CONTRACT – UNPAID WAGES (BASE SALARY) AGAINST DEFENDANT CRAIG R. JAYROE, DDS, LLC

31. Plaintiff CROSS realleges and incorporates the allegations in paragraphs 1, 4 through 13, and 17 through 35 above as if fully set forth herein.

32. On or about November 4, 2019, CROSS began working for. JAYROE, DDS. At that time, it was agreed upon between the parties that CROSS would earn a guaranteed minimum base salary of $500.00 per day or 33 1/3% of all of the collections from patients she performed dentistry on if that amount exceeded the $500.00 guaranteed base salary.

33. CROSS performed the services requested and required of her, but, despite her demands therefor, she has not been paid. CROSS is owed at a minimum, for her daily rate of $500.00, at a minimum, for eight (8) days of work, for a total gross pay of $4,000.00.

34. CROSS has performed all conditions precedent to be performed by her.

35. JAYROE, DDS has failed to pay a balance of a minimum of $4,000.00 of an agreed oral agreement.

36. JAYROE, DDS thus breached the oral contract by failing to pay CROSS her promised and due wages for services performed.

37. As a direct and proximate result of JAYROE, DDS' breach of contract, CROSS has suffered damages in the amount of wages that were not paid to her.

38. As this is an action for unpaid wages, CROSS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff, ARIEL CROSS, demands judgment against JAYROE, DDS, jointly and severally, plus interest, costs, reasonable attorney's fees, and such other remedy this Court deems just and proper.

### COUNT III – BREACH OF CONTRACT – UNPAID WAGES (COLLECTIONS & INSURANCE REIMBURSEMENTS) AGAINST DEFENDANT CRAIG R. JAYROE, DDS, LLC

39. Plaintiff CROSS realleges and incorporates the allegations in paragraphs 1, 4 through 13, and 17 through 35 above as if fully set forth herein.

40. On or about November 4, 2019, CROSS began working for JAYROE, DDS. At that time it was agreed upon between the parties that CROSS would earn a guaranteed minimum of $500.00 per day plus 33 1/3% of all of the collections on patients she performed dentistry on.

41. JAYROE, DDS maintained and controlled an accounting or ledger of all patient records, billings, and the dental procedures that were performed each patient by CROSS.

42. Notwithstanding the fact that JAYROE, DDS maintained a listing of all patients seen and billed for at the practice, and specifically those seen by CROSS. JAYROE, DDS, despite demands by CROSS, has refused to produce an accurate and complete account of all money's owed to CROSS since January 1, 2020.

43. Furthermore, JAYROE, DDS has provided an incomplete accounting of the patients seen by CROSS, billings for those patients, and procedures performed by JAYROE, DDS for the time period of November 4, 2019 through December 31, 2019.

44. CROSS performed the services requested and required of her, but, despite her demand for an accurate and complete account of all money's owed for patient's that she saw, and procedures that she performed on each patient, she has not been paid the agreed upon percentage of collections.

45. CROSS is owed, and JAYROE, DDS has failed to pay or insufficiently paid CROSS, the agreed upon 33 1/3% of all of her collections between November 4, 2019 and March 9, 2020.

46. JAYROE, DDS thus breached the oral contract by failing to pay CROSS her promised and due wages/commissions for services performed.

47. As a direct and proximate result of JAYROE, DDS' breach of contract, CROSS has suffered damages in the amount of wages/commissions that were not paid to her.

48. As this is an action for unpaid wages, CROSS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE Plaintiff, ARIEL CROSS, demands judgment against JAYROE, DDS, jointly and severally, plus interest, costs, reasonable attorney's fees, and such other remedy this Court deems just and proper.

## **COUNT IV – QUANTUM MERUIT AGAINST DEFENDANT CRAIG R. JAYROE, DDS, LLC**

49. Plaintiff CROSS realleges and incorporates the allegations in paragraphs 1 through 35 above as if fully set forth herein.

50. In providing services to JAYROE, DDS, CROSS acted under an express or implied, oral or written, agreement or request from JAYROE, DDS for the work she performed. JAYROE, DDS classified CROSS as an "independent contractor."

51. While JAYROE, DDS classified CROSS as an "independent contractor," the nature of the services she performed and the manner in which she performed said services made it clear that CROSS was actually an employee. JAYROE, DDS was in complete control of the manner in which CROSS as an "independent contractor" performed her services, scheduled all the patients that she examined and/or performed dental procedures upon, and provided all of the tools and instruments necessary for CROSS to perform her job.

52. As an "independent contractor" CROSS provided a benefit to JAYROE, DDS by performing work as an employee under the law and within the agreed upon terms of employment as fully controlled and scheduled by JAYROE, DDS.

53. Despite providing the services set forth in the agreement between the parties, JAYROE, DDS failed to pay CROSS any amount for the dental services she provided between February 23, 2020 and when she was terminated on March 9, 2020.

54. Despite providing the services set forth in the agreement between the parties, JAYROE, DDS failed to pay or insufficiently paid CROSS for 33 1/3% of her collections between November 4, 2019 and March 9, 2020.

55. Although CROSS was actually an employee, JAYROE, DDS failed to pay for that benefit by misclassifying CROSS as an independent contractor and avoided any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

56. JAYROE, DDS' conduct, as set forth above, in misclassifying CROSS as an independent contractor, renders it liable under the common law doctrine of quantum meruit.

57. Since CROSS was not properly paid her earned wages for the period of February 23, 2020 through March 9, 2020, and for 33 1/3% of her collections between November 4, 2019

and March 9, 2020, JAYROE, DDS has failed and/or refused to pay CROSS the reasonable value for the services rendered and accepted.

58.     To meet the ends of justice, this Court should award the reasonable value of services rendered and accepted in an amount to be proved at trial.

WHEREFORE, Plaintiff, ARIEL CROSS, demands judgment against JAYROE, DDS, jointly and severally, plus interest, costs, reasonable attorney's fees, and such other remedy this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, ARIEL CROSS, demands a trial by jury on all issues so triable.

Dated January 14, 2021.

Respectfully submitted,

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
JOSEPH G. SCONZO, ESQUIRE
Florida Bar No.: 0508720
**Primary Email**: greg@sconzolawoffice.com
**Primary Email**: joe@sconzolawoffice.com