UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ARIEL CROSS,

    Plaintiff,                                                  CASE NO.: 9:21-CV-80072-DMM

vs.

CRAIG R. JAYROE D.D.S., LLC, a
Florida Limited Liability Company d/b/a
THE PALM BEACH DENTAL SPA; CRAIG R.
JAYROE, in his individual capacity; and
LARRY S. JAYROE, in his individual capacity

    Defendants.
_____/

## PLAINTIFF'S MOTION TO TAX COSTS

Plaintiff, ARIEL CROSS ("CROSS"), requests an order taxing the costs set forth in the attached Bill of Costs (**Exhibit 1**) and requests the judgment be entered against Defendant, CRAIG R. JAYROE D.D.S., LLC, in the amount of $1,446.01.

## INTRODUCTION

After six months of litigation, this matter resolved after two days of trial in Plaintiff's favor. As the prevailing party in this action, Plaintiff is entitled to recover the costs specified under 28 U.S.C. § 1920.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) states that "unless a federal statue, these rules, or a court order provides otherwise, costs… should be allowed to the prevailing party." Under this

rule, a "prevailing party" is the party in whose favor judgment was rendered. *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, *3 (S.D. Fla, Apr. 6, 2011). There is a "strong presumption" in favor of awarding costs to the prevailing party. *Mathew v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); see also *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

The costs to be taxed are enumerated in 28 U.S.C. § 1920:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, experts, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Once the prevailing party provides a bill of costs, the losing party bears the burden of showing that "the costs requested fall outside the scope of this statue or were otherwise unreasonable". *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2011 WL 710699, at *2 (S.D. Fla. Mar. 1, 2011).

## ARGUMENT

As the prevailing party, the following costs must be taxed pursuant to 28 U.S.C. § 1920.

**I. Fees of the Clerk**

Plaintiff is entitled to $402.00 in costs for the filing fee in this matter. 28 U.S.C. §1920(1) provides that a prevailing party may recover fees of the clerk.

Defendant, Craig R. Jayroe DDS, LLC, through Defendant's Counsel, has agreed to the reasonableness of this cost with the notation that the filing fee of $402.00 was included in and not objected to in Plaintiff's pending Motion for Attorney's Fees and Costs on Plaintiff's FLSA Count. [D.E.19].

## II. Fees for the Service of subpoenas

Plaintiff is entitled to $92.70 in costs for service of process.  28 U.S.C. § 1920(1) provides that a prevailing party may recover fees of the marshal. This includes fees for the service of subpoenas by a private process server provided that the rate charged does not exceed the cost of having the marshal effect service. *See, e.g.*, *Sierra v. JRF, Inc.*, No. 16-cv-62111, 2017 WL 1929961, at *2 (S.D. Fla. Jan. 9, 2017); *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (fees paid for private process servers are taxable). Plaintiff served the following:

> Craig R. Jayroe D.D.S., LLC: $47.10
>
> Delynda Martinez: $45.60

The invoices for service of process are attached to the Bill of Costs as **Composite Exhibit A**.

Defendant, Craig R. Jayroe DDS, LLC, through Defendant's Counsel, has agreed to the reasonableness of these costs, with the notation that the service fee of $47.10 was included in and not objected to in Plaintiff's pending Motion for Attorney's Fees and Costs on Plaintiff's FLSA Count. [D.E.19].

## III. Cost of Printing

Plaintiff requests that the Court tax $951.31 in costs for printing and copying of discovery and exhibits that were necessarily obtained for use in the case. Under § 1920(4), a prevailing party may recover "[f]ees exemplification and the costs of making copies of any material where the copies

are necessarily obtained for use in the case." Plaintiff printed, through Office Depot, copies of Defendant's exhibits, as listed on Defendant's Exhibit List attached to the Joint Pre-trial Stipulation and the exhibits on Plaintiff's Exhibit List as attached to the Joint Pre-trial Stipulation. If such exhibits overlapped, which many did, Plaintiff took note and did not print or copy in excess. Plaintiff specifically printed exhibits that were introduced at trial or listed without objection on the Joint Pre-trial Stipulation and intended to be introduced at trial. The printed exhibits were used, even if not entered into the record, at trial in addition to the preparation for the trial. Additionally, the exhibits were provided by the Defendants in response to Plaintiff's discovery requests, and thus, necessarily obtained for use in the case and subsequently listed as exhibits for trial.

A breakdown of Plaintiff's Office Depot invoice is attached to the Bill of Costs as **Composite Exhibit B**. Plaintiff has removed two of the printing fees from her total amount requested including the express printing fee of $249.19 and the fee to create the demonstratives that were not used at trial in the amount of $107.67. The remaining printing costs include only the printing of exhibits used in the preparation for and at trial totaling $951.31.

After conferral with Counsel for the Defendants, Defendants have agreed to a sum of $300.00 in printing costs. Plaintiff is seeking the Court to award the already reasonably reduced amount of $951.31 in printing costs.

In support of the requested amount in printing costs, Plaintiff cites to *Kilpatrick v. Berg, Inc*., Case No. 08-10052-CIV-MOORE/SIMONTON, 2010 WL 115050060 (S.D. Fla. Feb. 16, 2010) and *Smith v. R.J. Reynolds Tobacco Co*., 369 F.Supp.3d 1269 (M.D. Fla. 2019) which confirm that the statute includes as recoverable costs "photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." Federal Courts across the nation have further confirmed that documents "necessarily obtained for use in the case" does "not specifically require that the copied document be introduced into the record to be an allowable cost." *See Haagen-Daz Co., Inc. v. Double Rainbow*

*Gourmet Ice Creams*, 920 F.2d 587 (9th Cir. 1990) (citing *Illinois v. Sangamo Const. Co.,* 657 F.2d 855, 867 (7th Cir. 1981).

## CONCLUSION

For the foregoing reasons, defendant requests that the Court enter judgment for costs against the Defendant, CRAIG R. JAYROE D.D.S., LLC, in the total amount of $1,446.01.

### Rule 7.1(a)(3) Certification

Pursuant to Local Rules 7.3(c) and 7.1(a)(3), Plaintiff's undersigned counsel has conferred with counsel for Defendant in a good faith effort to resolve this dispute. Defendant opposes the relief requested herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by on this 12th day of July 2021 on all counsel or parties of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

**By: /s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
Sconzo Law Office, P.A.
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459
Primary Email: greg@sconzolawoffice.com
Primary Email: joe@sconzolawoffice.com